We'll hear argument now in the case of Netherlands Insurance Company against Macomb Community School District. Ms. Adams. Good morning. Members of the panel, good morning. My name is Nancy Adams and I represent the Netherlands Insurance Company and Consolidated Insurance Company. I'll refer to both collectively for ease of reference as Netherlands. The issue that I would like to focus on this evening is whether the molestation exclusion in the E&L coverage part is susceptible to more than one reasonable interpretation. Netherlands contends that the exclusion and in particular the word person cannot be reasonably interpreted in more than one manner absent distorting the plain meaning of the word person. Netherlands also contends that to narrow the exclusions applicability to language which does not presently exist in the exclusion. As such, Netherlands contends it was an error of law for the district court to hold that the molestation exclusion was ambiguous. If the panel agrees with the Netherlands on its de novo review, the result is the reversal of the August 6, 2019 order denying Netherlands Rule 12c motion for judgment on the pleadings and the panel need look no further. More specifically, Netherlands issued a primary and umbrella insurance policy to the district with a policy period of December 8, 2017 to December 8, 2018. Relevant to this argument and to this case, the policy contains three liability coverage parts. The first is the sexual misconduct and molestation liability coverage part which is occurrence-based, meaning for that coverage part to apply, the alleged abuse must have occurred during the policy period. The second, the general liability coverage part which is also occurrence-based, means that the alleged bodily injury must have occurred during the policy period. And finally, the school leaders errors and omissions or the E&O coverage part is claims made, meaning that the claim must be first made during the policy period. The district court held and the school district agrees that because the plaintiffs alleged sexual abuse occurred prior to the inception of policies, the occurrence-based coverages, the sexual misconduct and molestation liability coverage part and the CGO coverage part are not applicable. Relevant here, because coverage for sexual misconduct and sexual molestation claims fall under the sexual molestation coverage part, both the CGL and the E&O coverage parts contain sexual molestation exclusions. In other words, coverage for sexual misconduct and sexual molestation is limited to the coverage provided by the sexual molestation and sexual abuse coverage part. The molestation exclusion in the E&O policy, which is the subject of the appeal, categorically excludes coverage for a person. There is no limiting language. As belts and suspenders, the exclusion contains both a second and third clause. And the second clause, lest there be any doubt, the exclusion applies that it provides, it is applicable to allegations relating to sexual misconduct or molestation for negligent employment, investigation, supervision, or retention of a person. Of course, insureds have previously asserted that claims for negligent supervision, for example, do not fall within categorical exclusions, whether we're talking about a motor vehicle exclusion, a liquid liability exclusion, or a sexual abuse exclusion. And thus, even though courts have in large part rejected these arguments, the additional language reinforces and addresses those efforts. And the third clause, lest again there be any doubt, the exclusion provides that it's practice, custom, or policy, including allegations such as those here, that a person's civil rights have been violated. If we turn to the complaint and the underlying lawsuit, the plaintiffs have alleged various Title IX and Section 1980 claims against the school district for the school district's role in their sexual assault by a student between 2014 and 2016. Those legal theories are based upon factual allegations that in March or April of 2014, Jane Doe was sexually harassed by a student MP. She reported that alleged abuse to the school, and in the complaint, the plaintiffs alleged this school did nothing. They took no action. Ms. Adams, what about the claims that go to retaliation? The allegations that they're not directly connected to MP, but rather it was the school's to the allegations, and that how the two plaintiffs then were in a position of having their circumstances denigrated as a result of the school's action. With respect to the complaint, in terms of the reaction by the school district to the complaints of sexual harassment, the plaintiffs allege that it is because the sexually assaulted, that the harassment escalated to sexual assault, and that with respect to Jane Roe, she was also sexually assaulted. With respect to the retaliation claims in particular, the exclusion categorically bars coverage for sexual misconduct and sexual molestation, and the retaliation claims are inextricably intertwined with the sexual misconduct and molestation. In other words, you cannot divorce these secondary retaliation claims from the sexual abuse and sexual molestation, and more importantly, the retaliation claims are being brought under Title IX and Section 1983, which are the civil rights allegations or civil rights actions that would fall within the confirming belts and suspenders language in the third clause of the exclusion. But where are we to draw that line? Is it a proximate cause line? Is it a but-for line? Is there some type of superseding or intervening cause by a decision-maker, by the school, to potentially retaliate against the plaintiffs? I'm specifically thinking the allegations with regard to the teacher. With respect to the allegations involving a teacher, the plaintiffs' damages and claims arise out of their sexual assault, and when we talk about, you know, is it proximate cause, is it but-for, the language specifically states an allegations relating thereto, which mean that they have some sort of logical or causal connection. In other words, relating thereto is broader than approximate causation. In here, there's no question that the retaliation claims relate to the sexual assault, but for the sexual assault, there would be no sexual assault and sexual misconduct, as set forth in the third clause. Given the allegations, given the plaintiffs' factual allegations in the complaint, and those in the underlying lawsuit, Netherlands thus contends the molestation exclusion bars coverage for the entirety of the plaintiffs' claims. To avoid the applicability of the exclusion, the school district contends that the sexual abuse committed by a school employee, and if there's more than one interpretation following the school district's argument, the exclusion should be adopted or interpreted in favor of them. However, the school district's argument that the molestation exclusion only applies to the perpetrator, which the district court adopted and found was an error of law. However, notably, and this also relates to your question, the district court found that if the alleged abuse had occurred by a student teacher or an employee, then the exclusion would be applicable to bar coverage for the lawsuit. But because the exclusion was ambiguous and could apply to school employees, the exclusion would not apply. This is what Netherlands contends is an error of law for which Netherlands seeks reversal. As an initial matter, the touchstone in determining ambiguity is whether there is more than one reasonable interpretation, not whether some sort of creative possibility can be suggested. And the district court's holding was based on the school district's argument that it continues to make that the word person in the second clause of the molestation exclusion should be interpreted to mean an employee. The plain meaning of the word person, however, means just that it's a person and there are no limitations. As such, the applicability of the molestation exclusion should not be limited to perpetrators who are school employees. To the contrary, the exclusion applies to any category of perpetrators, whether we're talking about school employees, students, parents, teachers, volunteers, or any other categories of persons who may perpetrate an alleged sexual abuse or sexual molestation of a person. To avoid this result, the district court has cobbled together an argument which is flawed both factually and legally. What the school district is attempting to do is distort the policy language by relying on the second clause and narrowing its applicability to mean school employees. And it's doing that by using the four words in the second clause, which is the negligent employment, supervision, investigation or retention of a person. According to the school district, only an employee can be subject to claims relating to employment, supervision, investigation or retention. But we know from the complaints and the underlying lawsuit that the plaintiffs allege that the school district was failed to investigate and they failed to supervise the student perpetrator, which led to their sexual assault. It is also a distortion of the exclusion on a higher level. Again, not only are they trying to replace the word person with employee in the second clause, what the school district is effectively trying to do without any limiting language is to require the insertion of language at the end of the first clause. The exclusion could have but does not have such limiting language. For example, the exclusion could read any actual or alleged sexual misconduct or sexual molestation of any person by and insured. But this exclusion does not have that limiting language. For that reason, the argument fails to give meaning to the intent of the policy as reflected in the policy's language. The exclusion categorically excludes coverage for sexual misconduct and sexual molestation because the exclusion is only susceptible to one reasonable interpretation. It is applicable to any category of perpetrator perpetrators, including the student here in the exclusion bars coverage. If the panel agrees, the result is the reversal of the August 19 order. Unless the court has any additional questions, I would like to reserve my additional time for rebuttal. Certainly, Miss Adams. Mr Relius. Yes. Good morning, Your Honor. Uh, this case is not about sexual molestation. It is a title nine case that involves a private right of action by students. And as indicated in Davis Monroe County Board of Education, which is the, uh, touchstone for a private right of action by a student, uh, against the school district. It states that the recipient of federal funds may be liable in damage only for its own. And that means that a school district can only be liable for damages when it intentionally acted in clear violation of Title nine by remaining deliberately indifferent to acts of student on student harassment of which it had actual knowledge. The injury is not sexual molestation, but it is the failure of a school district that had actual knowledge of, uh, a claim, uh, to investigate, to take other action that resulted in a student being deprived of access to the educational opportunities or benefits provided by Mr Relius. It's Judge Scudder. There's no question in my mind that you had your client had a cause of action. In fact, the lawsuit proceeded in my understanding is it settled? Um, there's no doubt about that. Um, the question that I have relates more to this insurance dispute and in particular, what is it about the exclusion in question? The sexual molestation exclusion that is ambiguous in your mind or that, um, you know, may accept or allow coverage for the claim in question put differently. Uh, what is it about Miss Adams interpretation that she's offered here in court this morning that is wrong in your view? Well, uh, Miss Adams did not tell the court under the, uh, school leaders errors and omissions policy. What a wrongful act is, which triggered the insurance and the wrongful act under the definition means an actual or alleged breach of duty, neglect, error, omission, misstatement or misleading statement committed by the insured or by any person for whose acts the insured is legally liable while in the course of providing educational institutions. Council. That's the inclusion language. We're dealing here with the exclusion language. And I must say, I share my colleagues question. I would put it somewhat differently. The exclusion language says it excludes liability for any actual or alleged sexual misconduct or sexual molestation by any person. My version of the question is what part of the word any is ambiguous? Uh, Your Honor, the school district's position is the ambiguity is that only an employee of the school district is. I know that's what the school district says. But the language of the exclusion says, quote, any person close quote, employees are a ask why you think the word any is ambiguous. Uh, I go back to the point, Your Honor, that a wrongful act has to be done in the course of performing, uh, educational instructional duties. That means because person is not defined anywhere that it is limited to a an I'm trying to figure out how that is even linguistically possible. You agree, I hope that employee is a subset of the word person. All persons are all employees or persons, but not all persons are employees, right? That's correct. Okay. And the policy then says any person. So why would it be appropriate to read the phrase any person to refer only to a subset of persons? Because, Your Honor, you have to go to where the coverage of the insurance, uh, low. And I pause you there, Mr. Just to get the benefit of our, um, exchange here in oral argument. It's that very step in your analysis that I'm less sure about because the coverage can be what the coverage is and draft the contract accordingly. But this case is turning upon what's been excluded from coverage. And so it just does. I don't see why it is that we're trying toe force some kind of merger of meaning or something. We just should read the unless you, you know, tell me I'm wrong and can persuade me. We just ought to read the exclusion. Uh, but, Your Honor, if a wrongful act does not include actions by students, then the in the exclusion doesn't apply because the coverage a student act of sexual harassment or molestation is not a wrongful act under the policy. So therefore, you don't go to the sexual molestation clause because it doesn't apply. It's not a wrongful act as defined by wrongful act. So you have to look at the totality of the insurance policy. And if that's not defined as a wrongful act, you don't need to go to the sexual molestation clause. And again, if that is an interpretation and if it's a different interpretation, then the policy is at a minimum ambiguous, and it should be construed in favor of the school district. Mr. Relia seems to have frozen. Maybe it's just frozen on my computer.  I'm sorry. I think Mr. Relias, you might want to go back about 30 seconds. Yeah, we had a hiccup in Zoom. So perhaps just retrace 30 seconds of your thinking because we didn't hear it. Okay. Am I on now? Yes. Because I don't see anything. But okay. Here is my point. In order to find out what actions are covered or excluded, you have to go to the definition of wrongful act. And the wrongful act covers persons for whose act the insured is legally liable while in the course of performing educational institution duty. That does not include a student. So what I am saying is, it is not the sexual molestation. It is the district's response to the allegation. And the wrongful act can only be one committed by a school district employee. So you don't even need to go to the sexual molestation exclusion because it doesn't apply because a wrongful act cannot be committed by a student under coverage. Mr. Relias, can I tell you what concerns me about that argument? Okay. What concerns me about that argument is it doesn't address, and I don't know if you briefed this point, but it's a serious point that Ms. Adams makes and I think is grounded in Illinois law, and that is that if the claims at issue here are inextricably intertwined and interconnected with excluded conduct or excluded acts, then the claims at issue are excluded. And what I have in mind is the Illinois Supreme Court's decision in the Northbrook property insurance case, and we've recognized that principle as well in our decision in Nautilus insurance. Is that wrong as a matter of that principle? I'm not saying that the principle is wrong. I am saying that it's not interconnected here because again, a wrongful act as defined by the policy is not one committed by a student. So therefore the... No, I understand that part of it, but the 1983 and the late, do they not, the claims arise out of MP's misconduct or alleged misconduct. That's why the case exists. Well, the case exists because the school district is alleged under Title IX not to have done an adequate... Sure, sure. But if MP... Suppose that MP, this misconduct or the alleged misconduct never even happened. Okay, there was never a complaint that MP abused his two classmates. There'd be no Title IX or 1983 lawsuit. Well, there may have been because of the retaliation claim, but obviously there has to be a act that is then notified by the student of the school district and then the investigation occurred. But I see that that is completely separate under the policy. So your argument then, as I understand, you're saying whatever MP is alleged to have done just has no bearing upon the coverage question. It doesn't make any difference. That's right, because he's a student and the wrongful act excludes students. Okay, I understand your position. Well, if there are no other questions, let me just state that I believe not only Judge Bruce, but Judge Darrow in ruling on the summary judgment motions in the underlying case both understood that this case was not about sexual misconduct, but about a school district's response. And that is completely different based upon the policy and the interpretation that is clear on a wrongful act that doesn't include a student. And even if that is deemed incorrect, it is a reasonable interpretation and under Illinois law, it makes the policy ambiguous and because it excludes coverage, it should be the district's court's decisions should be upheld. Thank you. Thank you, Counsel. Anything further, Ms. Adams? Three points, Your Honors. The first is the wrongful act here and the wrongful act argument is flawed because the wrongful act is not the fail. The wrongful act is the failure of the school to act. It is not the sexual assault by the student. Secondly, when determining coverage and the duty to defend, it is the factual allegations, and this is well established under Illinois law, that controls not the legal theories that are being set forth. This lawsuit is about the school district's role in the plaintiff's sexual abuse, the school district's failure to react, which led to their sexual abuse, and thus the molestation exclusion bars coverage. And thus, we request that the panel reverse the decision from August of 2019 and fine for net loans. Thank you. Thank you, Counsel. The case is taken under advisement.